UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-21928-BLOOM/Louis

LINDA JOHNSON,

    Plaintiff,

v.

LEEVERS SUPERMARKET, INC.,

    Defendant.
    _____/

## ORDER ON MOTION FOR REMAND

**THIS CAUSE** is before the Court upon Plaintiff Linda Johnson's Motion for Remand, ECF No. [9], ("Motion"). Defendant Leevers Supermarket, Inc. filed its Response, ECF No. [12], ("Response") to which Plaintiff did not reply. The Court has considered the Motion, the Response the record in this case and the applicable law and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

### I.   BACKGROUND

Plaintiff Linda Johnson brings this negligence action, seeking damages for personal injuries sustained in the Defendant's supermarket from a slip and fall. ECF No. [1-1], Plaintiff originally filed her complaint in state court on August 24, 2018 and the Defendant thereafter removed the case on May 13, 2019, ECF No. [1], ("Notice"), based on diversity jurisdiction. Plaintiff now seeks to remand the case, arguing that Defendant has failed to establish that the amount in controversy exceeds $75,000.00, and that the removal was untimely.

**II.     LEGAL STANDARD**

Pursuant to 28 U.S.C. § 1441(a), any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by a defendant to the district court of the United States for the district and division embracing the place where such action is pending.

"A removing defendant bears the burden of proving proper federal jurisdiction." *Coffey v. Nationstar Mortg., LLC*, 994 F. Supp. 2d 1281, 1283 (S.D. Fla. 2014). A district court has subject matter jurisdiction where the parties are diverse and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdiction requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010); *see also* 28 U.S.C. § 1332(a). "To determine whether this standard is met, a court first examines whether it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006) (citation omitted), *abrogated on other grounds by Dudley v. Eli Lilly & Co.*, 778 F.3d 909 (11th Cir. 2014). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id*. (citation omitted).

"[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754 (citations omitted). The use of reasonable inferences and deductions is permissible to show the amount that is in controversy in the case. *See id*. (discussing the difference between reasonable deductions and inferences with "conjecture, speculation, or star gazing"). However, district courts narrowly construe removal statutes, and where a plaintiff and defendant clash about jurisdiction, uncertainties are resolved in

Case 1:19-cv-21928-BB   Document 16   Entered on FLSD Docket 07/30/2019   Page 3 of 6

Case No. 19-cv-21928-BLOOM/Louis

favor of remand.  *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095, (11th Cir. 1994), *superseded in part by statute*, 28 U.S.C. § 1446.

Furthermore, the time limit for removal is set forth in 28 U.S.C. § 1446(b), which provides in relevant part:

> (3) [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable.

Answers to discovery requests—including responses to requests for admission and interrogatories—constitute "other paper" pursuant to the statute.  *Lowery v. Ala Power Co.*, 483 F.3d 1184, 1212 n.62 (11th Cir. 2007) (citing *Wilson v. Gen. Motors Corp.*, 888 F.2d 779, 780 (11th Cir. 1989) and *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998)) (additional citations omitted).  With these standards in mind, the Court analyzes the Motion.

### III. DISCUSSION

In the Motion, Plaintiff argues that this case should be remanded because Defendant has failed to establish that the amount in controversy requirement has been met, and because the Defendant' Notice of Removal is untimely.  The Court considers each argument in turn.

#### i. Amount in Controversy

Here, the Complaint does not set forth a specified amount of damages, though Johnson seeks damages for "expense of hospitalization, medical treatment[,] and nursing care."  Thus, the Court must determine whether there is "other paper" establishing the requisite amount in controversy.  Defendant provides the Court with Plaintiff's Answers to Interrogatories, ECF No. [1-2], ("Answers"), wherein she states under oath that her medical expenses total $76,016.00, in addition to medications that she purchased.  Nevertheless, Plaintiff asserts in the Motion that Defendant has failed to meet its burden in establishing the amount in controversy requirement

because damages other than Plaintiff's medical expenses remain speculative and uncertain. However, the amount in controversy is satisfied by Plaintiff's medical expenses alone.

Plaintiff relies primarily on *Golden v. Dodge-Markham Co., Inc.*, 1 F. Supp 2d 1360 (M.D. Fla. 1998), for support. However, the facts in Golden are inapposite. In *Golden*, the defendant based its removal on the court's diversity jurisdiction after the plaintiff filed a complaint in state court that did not specify the amount in damages sought. *Id.* at 1361-62, 1364. The plaintiff's *ad damnum* clause requested an award for damages including compensation for lost wages, benefits and other remunerations, which at the time of removal totaled $40,277.57. *Id.* at 1362, 1366. The court found that the defendant's "general blanket statement that, if Plaintiff prevails, compensatory damages could certainly entitle him to thousands of dollars," failed to rise to the level of proving, by a preponderance of the evidence, that the amount in controversy exceeded $75,000.00. *Id.* at 1366.

Here, unlike the defendant in *Golden*, Defendant has provided evidence that Plaintiff's claim satisfies the amount in controversy through Plaintiff's sworn Answers to Interrogatories, in which she lists her medical expenses and provides a total amount that clearly exceeds the jurisdictional threshold. Although Plaintiff assumes that the amount awarded for medical expenses will be based on amounts that are reasonable and necessary, this Court "is not bound by the plaintiff's representations regarding its claim, nor must it assume that the plaintiff is in the best position to evaluate the amount of damages sought." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (citing *Pretka*, 608 F.3d at 771).

As such, the Court finds that Defendant has established by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum of $75,000.00. *See Roe*, 613 F.3d at 1061-62 ("Eleventh Circuit precedent permits district courts to make 'reasonable

deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable") (quoting *Pretka*, 608 F.3d at 754).

Plaintiff contends further that Defendant's previous denial of Plaintiff's proposal for settlement for less than $75,000.00 forecloses Defendant from arguing that the amount in controversy exceeds $75,000.00. Plaintiff fails to provide any legal authority for her contention.[1]

### ii. Timeliness of Removal

Plaintiff further argues that Defendant's Notice was untimely as it was not filed within thirty days of service or the date that the medical records and bills were sent to Defendant. Plaintiff argues that the medical bills were discussed at an informal conference on October 20, 2016, and the bills later sent to Defendant's attorney on March 5, 2019. Because Defendant relies on the amount of the medical bills, Plaintiff reasons that the Notice, filed on May 13, 2019, was untimely. The Court disagrees.

Defendant's Notice relies on Plaintiff's Answers to Interrogatories, which indicate that her medical expenses, including bills and medications, total $76,016.00. Although Plaintiff's Answers are dated February 8, 2019, Defendant's Response asserts that Plaintiff served her Answers on April 15, 2019, and Plaintiff has not argued that Defendant's assertion is inaccurate.[2]

In *Leoncio v. Louisville Ladder, Inc.*, No. 13-21837-CIV, 2013 WL 12059614, at *2 (S.D. Fla. June 28, 2013), the parties similarly disputed which date commenced the thirty-day period for the defendant to timely remove a case under 28 U.S.C. § 1446(b). The initial pleading did not

---

[1] Furthermore, Plaintiff's contention lacks merit. In the Court's view, where a defendant denies liability, the denial of a proposal for settlement should not be interpreted as a concession that the amount in controversy is not met.

[2] Moreover, Defendant's Response asserts that it could not have based its removal on the March 5, 2019 medical bills because those bills totaled an amount below $75,000.00. Plaintiff had an opportunity to reply to that argument and did not do so. As such, the Court accepts Defendant's assertion.

provide the defendant with explicit notice of the removability of the case because it alleged the plaintiffs' residencies rather than their domiciles. *Id.* However, the plaintiffs later served their responses to the defendant's requests for admission and interrogatories, which contained admissions and information regarding the citizenships of the parties sufficient to establish complete diversity. *Id.* at *1, *3. The court held that the defendant timely filed its notice of removal the following day because the plaintiffs' discovery responses constituted "other paper" under § 1446(b)(3). *Id.* at *3.

Here, as in *Leoncio*, the initial pleading does not provide explicit notice of the removability of the case because it only states that "[t]his an action for damages which exceeds the jurisdictional threshold of this court . . . ." However, Plaintiff's Answers to Interrogatories, which constitute "other paper," establish that Plaintiff's claim exceeds the jurisdictional threshold. As such, Defendant first had actual notice of removability following receipt of Plaintiff's Answers on April 15, 2019. The Defendant timely filed the Notice twenty-eight days later.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [9]**, is **DENIED**.

**DONE AND ORDERED** in Chambers in Miami, Florida, on July 30, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record